UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAEGEN BENOIT INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF THE
MINOR, XANDER BENOIT AND
ROSEMARY BENOIT

CIVIL ACTION

VERSUS

LANDSTAR INWAY, INC., AND
YASIN SHEIK IBRAHIM

NO.: 17-01794-BAJ-RLB

## RULING AND ORDER

Before the Court is the Motion to Dismiss Punitive Damages Claim (Doc. 6) filed by Defendant Landstar Inway, Inc. ("Landstar"). Plaintiffs have not responded. This case is brought under Louisiana law, and jurisdiction is proper pursuant to 28 U.S.C. §1332. For the reasons that follow, the motion is **GRANTED**.

### I. BACKGROUND

On September 26, 2017, Plaintiff, Rosemary Benoit, was driving a 2016 Buick Regal eastbound on Interstate Highway 10 in West Baton Rouge Parish, Louisiana. (Doc. 6-2 at p. 1). Rosemary Benoit's spouse, Maegan Benoit, and their minor child, Xander Benoit, were passengers in the vehicle. (*Id.*). Suddenly, the vehicle was struck from the rear by the 2012 Freightline Cascadia operated by Defendant Yasin Sheikh Ibrahim. (*Id.* at p. 2). The collision resulted in severe injuries to Rosemary and Maegan Benoit, and also resulted in the death of their minor child, Xander Benoit. (*Id.*). Rosemary and Maegan Benoit allege that they suffered severe mental anguish

1

and emotional distress from witnessing the extreme injuries to each other and to their child, Xander Benoit. (Doc. 6-2 at p. 2).

Relevant to this motion, Plaintiffs claim that the accident was caused solely through the negligence of Defendant, Yasin Sheikh Ibrahim, who they allege was intoxicated by alcohol, illegal drugs and/or prescription medication. (Doc. 6-2 at p. 2). Plaintiffs claim that they are entitled to exemplary damages under Louisiana law as a result of the impairment or intoxication of Ibrahim. (Doc. 6-2 at p. 4). Defendant moves to dismiss the claims against it for exemplary and punitive damages . (Doc. 6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal when a claim is based on an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Hayes v. Frontera Produce Ltd.*, No. 12-cv-588, 2014 WL 1246845 at *3 (M.D. La. Mar. 24, 2014). In cases based on diversity jurisdiction, the Court applies state substantive law, which in this case is Louisiana law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

> When faced with unsettled questions of Louisiana law, [the Court] adhere[s] to Louisiana's Civilian decision making process by first examining primary sources of law, namely, Louisiana's Constitution, codes, and statutes. This is because the primary basis of Louisiana's Civil Law is legislation and not the prior decisions of its courts. In the absence of a definitive resolution in the state's primary sources, however, [the Court] look[s] next to the final decisions of the Louisiana Supreme Court. Only in the absence of such a final decision must we make an "Erie guess" as to how that court would resolve the issue if presented with the same case. Although [the court] do[es] not disregard the decisions of Louisiana's intermediate courts unless [it is] convinced the Louisiana Supreme Court would decide otherwise, [the Court] [is] not strictly bound by them.

*Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 695 (5th Cir. 2011) (internal citations omitted).

## III. DISCUSSION

The question the Court must answer is whether Ibrahim's employer, Landstar, is vicariously liable for the punitive damages arising from Ibrahim's alleged negligent operation of a vehicle while under the influence of alcohol. Plaintiff asserts that because Louisiana Civil Code Article 2320 states that "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed," Landstar is liable for all of the damage caused by Ibrahim, including any punitive damages incurred by Ibrahim pursuant to Louisiana Civil Code Article 2315.4, which provides:

> In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.

However, Article 2315.4 is silent concerning whether employers may be held vicariously liable for exemplary damages; therefore, the Court must consult Louisiana Supreme Court opinions. *See Wiltz*, 645 F.3d at 695. The Louisiana Supreme Court has held that, with respect to Article 2315.4, "[the legislature intended] to penalize only the intoxicated driver of [a] motor vehicle and is in line with the narrow construction that this Court gives to penal statutes." *Berg v. Zummo*, 2000-1699 (La. 4/25/01), 786 So. 2d 708, 717-18. *See also Ross v. Conoco, Inc.*, 2002-

0299 (La. 10/15/02), 828 So. 2d 546 (holding that punitive damages statutes such as Article 2315.3 should be construed narrowly).

Following the Louisiana Supreme Court's line of reasoning, the Louisiana Court of Appeals for the Third Circuit held that "the punitive damages provided for in [Article] 2315.4 [cannot] be assessed against [an] employer, especially where there has been no allegation nor any showing made that [the employer] in any manner contributed to [the employee's] intoxication." *Romero v. Clarendon Am. Ins. Co.*, 2010-338 (La. App. 3 Cir. 12/29/10) 54 So. 3d 789, 794. Additionally, federal district courts have consistently held that Article 2315.4 does not impose punitive or exemplary damages on vicariously liable parties. *See Lankford v. Nat'l Carriers Inc.*, No. 12-1280, 2015 WL 518736, at *3 (W.D. La. Feb. 6, 2015); *Phelps v. Daimler Trucks of North America, LLC*, Nos. 13-6685, 13-6686, 2015 WL 12564180, at *1 (E.D. La. 2015). The only contrary authority comes from Louisiana appellate courts prior to the Louisiana Supreme Court's ruling in *Berg*. *See, e.g. Curtis v. Rome* 98-0966 (La. App. 4 Cir. 5/5/99); 735 So. 2d 822 (holding that an employer was liable for the punitive damages incurred by its employee under Article 2315.4 where the employer provided alcohol to the employee); *Lacoste v. Crochet*, 1999-0602 (La. App. 4 Cir. 1/5/00); 751 So. 2d 998 (holding that an employer is liable for punitive damages incurred by its employee under Article 2315.4).

Here, there is no evidence that the employer contributed to the intoxication of Ibrahim, and the Court finds that Louisiana law bars the imposition of punitive damages against Landstar as a matter of law.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Punitive Damages Claim (Doc. 6) is **GRANTED**, and Plaintiff's punitive damages claims against Landstar are **DISMISSED**.

Baton Rouge, Louisiana, this 4th day of September, 2018.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**